IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE BURLINGTON INSURANCE COMPANY, <br>   *Plaintiff*, <br> <br> v. <br> <br> RANGER SPECIALIZED GLASS, INC., ADAM DEVELOPMENT PROPERTIES, L.P., AND LYDA SWINERTON BUILDERS, INC., <br>   *Defendants*. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:12-CV-1759 |
| RANGER SPECIALIZED GLASS, INC. <br>   *Third-Party Plaintiff*, <br> <br> v. <br> <br> LEXINGTON INSURANCE COMPANY, <br>   *Third-Party Defendant*. | § § § § § § § § | |

**MEMORANDUM AND ORDER**

  The Court has before it two Motions for More Definite Statement pursuant to Rule 12(e). One is from Third-Party Defendant The Travelers Lloyds' Insurance Company. (Doc. No. 61.) The other is from Third-Party Defendants Continental Casualty Company, Valley Forge Insurance Company, and National Fire Insurance Company of Hartford, as successor by merger to Transcontinental Insurance Company. (Doc. No. 71.) After considering the motions, all responses thereto, and the applicable law, the Court finds that the Motions to Dismiss must be **DENIED.**

1

## I. BACKGROUND

In 2004, Defendant/Counter-Plaintiff Lyda Swinerton Builders, Inc. ("Swinerton"), a general contractor, contracted with numerous subcontractors for the development of the real estate and construction of the First American Bank Project (the "Project") in College Station, Texas. (Doc. No. 29, *hereinafter* "Complaint", ¶ 16.) These subcontractors included A.D. Willis, Alamo Tile Co., Applied Finish Systems, Ltd., ASGI, LLC d/b/a Sharp Glass & Glass Solutions, Chamberlin Roofing and Waterproofing, Ltd., Har-Con Corporation, Hacko Precast, and Ranger Specialized Glass, Inc. (collectively "Subcontractors"). (*Id.*) In accordance with Swinerton's general business practice and pursuant to Section 8 of the subcontract agreement between Swinerton and Subcontractors, all Subcontractors were required to name Swinerton as an additional insured in their commercial general liability insurance. (*Id.* at ¶ 17.) Har-Con Corporation and Hacko Precast were named insured under Third-Party Defendant Travelers Lloyds' Insurance Company ("Travelers") (*Id.* at ¶ 12); Chamberlin Roofing and Waterproofing, Ltd was insured by Third-Party Defendant Continental Casualty Company ("Continental") (*Id.* at ¶ 8); Har-Con Corporation was also insured by Third-Party Defendant Valley Forge Insurance Company ("VFIC") (*Id.* at ¶ 15); and Chamberlin Roofing and Waterproofing, Ltd was also insured by Third-Party Defendant National Fire Insurance Company of Hartford ("NFIC") (collectively, the "Carriers"). (*Id.* at ¶ 14.)

In 2008, the Project Owner, Adam Development Properties, sued Swinerton for construction defects arising out of the work of the Subcontractors ("Underlying Suit"). (*Id.* at ¶ 18.) Swinerton then sought defense and indemnity for the Underlying Suit from the Subcontractors' insurance carriers. (*Id.* at ¶ 19.) Swinerton claims that the Carriers should be obligated to pay the property damage with respect to any claims arising out of work performed

2

by the named insured Subcontractors. (*Id.* at ¶ 22.) When the Carriers did not defend and indemnify in the Underlying Suit, Swinerton filed the Third-Party Complaint alleging claims for breach of contract and breach of the duty of good faith and fair dealing. The Carriers then filed these two Rule 12(e) Motions for More Definite Statement.

## II.     LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(e) requires a court to determine whether the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." The decision whether to grant a motion under Federal Rule of Civil Procedure 12(e) lies within the district court's discretion. *E.g., Crawford–El v. Britton*, 523 U.S. 574, 597–98 (1998); *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. *Mitchell*, 269 F.2d at 130. Rather, all Rule 8(a) requires is 'a short and plain statement of the claim' that will give notice of what the plaintiff's claim is and the grounds upon which it rests. "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedure established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Mitchell*, 269 F.2d at 130 (*citing Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). For this reason, motions for a more definite statement are generally disfavored. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d. ed. 2004) ("Thus, the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small .... the pleading also must be so vague or ambiguous that the opposing party cannot respond to it.").

## III.  ANALYSIS

Travelers, Continental, VFIC, and NFIC seek more definite statements for a number of issues in Swinerton's Third-Party Complaint. Each will be discussed in turn.

### A.  Maximum Amount of Damages

Travelers claims that, because Swinerton's Third-Party Complaint fails to state the amount of damages sought, Swinerton is required to replead to specify the maximum amount of damages being claimed. However, a maximum amount of damages sought is not required for Travelers to frame a response. *See* Fed. R. Civ. P. Rule 12(e)(stating that a motion under Rule 12(e) should be granted if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response."). Rather, the information that Travelers requests would be more properly obtained via discovery, rather than a Rule 12(e) motion. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)("It is to be noted that a motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such."). The Court must deny Traveler's Motion for Definite Statement on the issue of the maximum amount of damages.

### B.  Fair Notice Regarding Alleged Actionable Conduct

Travelers, Continental, VFIC, and NFIC object to each and every allegation in Swinerton's Third-Party Complaint that jointly refers to more than one third-party defendant without specifically identifying which of the third-party defendants acted as alleged. The Carriers claim that Swinerton should be required to plead with specificity as to each carrier defendant for each actionable event.

Swinerton's Third-Party Complaint lists all third-party defendants, then states "hereinafter collectively "CARRIERS"". (Compl. ¶ 6.) Additionally, the Complaint frequently

states "CARRIERS, and each of them" when describing the Carriers' actions. (*Id.* at ¶¶ 22-26, 28, 32-33, 35, 43, 55, 57, 61, 65.) Simply because other insurance carriers engaged in the same unlawful behavior as another insurance carrier does not diminish the notice that third-party defendants are given. The Court is satisfied that Swinerton's Third-Party Complaint adequately puts all Carriers on notice of alleged actionable conduct without listing each Carrier by name. Therefore, the Court must deny the Carriers' Motions for More Definite Statement of alleged actionable conduct.

### C.  Extra-Contractual Damages

Travelers, Continental, VFIC, and NFIC argue that Swinerton's Third-Party Complaint fails to state a claim for extra-contractual damages under the Texas Insurance Code or common law. However, Swinerton does set forth a claim for violations of the Prompt Payment of Claims Act, Tex. Ins. Code §§ 542 *et seq.*, which allows extra-contractual damages. (Comp. ¶¶ 41(a), 63(a).) This is sufficient notice and meets the liberal pleading requirements of Rule 8(a). Therefore, the Court must deny the Carriers' Motions for More Definite Statement of extra-contractual damages.

### D.  Insurance Code Chapter 542

Travelers, Continental, VFIC, and NFIC claim that Swinerton's Third-Party Complaint fails to set forth a claim for violation of Insurance Code Chapter 542, Prompt Payment of Claims Act. They argue that the Act is inherently time sensitive yet Swinerton mentions only the dates that the Underlying Suit was filed, that Swinerton brought its subcontractors into the Underlying Suit, and that Adam Development filed its First Amended Petition in the Underlying Suit. The Carriers claim these dates are not sufficient to allege violation of Chapter 542. The Court is unconvinced by this argument. The Prompt Payment of Claims Act states that an insurer is in

violation when it fails to make the owed defense payments within sixty days. Tex. Ins. Code § 542.058. Swinerton's Third-Party Complaint pleads that Carriers were in breach of their duty to defend for more than sixty days. The Complaint states that the Underlying Suit was filed on February 12, 2008 (Compl. ¶ 18), and plaintiff "immediately and repeatedly tendered the defense" (Compl. ¶ 25) to Carriers, yet Carriers continuously refused to defend and indemnify Swinerton, and "[t]o date the Carriers, and each of them, have failed and/or refused to respond to and/or accept said tenders of defense." (*Id.*) The Complaint was filed on August 6, 2012, more than four years after Swinerton was initially sued. Therefore Swinerton alleges that it tendered its defense to Carriers more than four years ago and the claim has still not been paid, in violation of the Prompt Payment of Claims Act. Swinerton has met the liberal pleading requirements of Rule 8(a). Therefore, the Court must deny the Carriers' Motions for More Definite Statement of the Texas Insurance Code Chapter 542 claim.

### E. Malicious Conduct

Travelers, Continental, VFIC, and NFIC argue that Swinerton's Third-Party Complaint fails to set forth specific allegations sufficient to constitute malicious conduct. They also state that Swinerton refers to all third-party defendants as "Carriers", which they argue is not enough notice as to the alleged conduct of each third-party defendant. As discussed in Section B, Swinerton's Third-Party Complaint lists all third-party defendants, then states "hereinafter collectively "CARRIERS"". (Compl. ¶ 6.) Additionally, the Complaint frequently states "CARRIERS, and each of them" when describing the Carriers' actions. (*Id.* at ¶¶ 22-26, 28, 32-33, 35, 43, 55, 57, 61, 65.) Simply because other insurance carriers engaged in the same unlawful behavior as another insurance carrier does not diminish the notice that third-party defendants are

given. The Court is satisfied that Swinerton's Third-Party Complaint adequately puts each third-party defendant on notice of alleged actionable conduct.

Furthermore, Swinerton's Third-Party Complaint sets forth specific allegations to support its malicious conduct claim. (Compl. ¶¶ 63a-b.) Whether this claim can survive a motion to dismiss or motion for summary judgment is a different matter that is not before the Court today. The Court is satisfied that Swinerton has met the liberal pleading requirements of Rule 8(a), and so must deny the Carriers' Motions for More Definite Statement of the malicious conduct claim.

## IV.      CONCLUSION

For the reasons discussed, Third-Party Defendant The Travelers Lloyds' Insurance Company's Rule 12(e) Motion for More Definite Statement (Doc. No. 61) and Third-Party Defendants Continental Casualty Company, Valley Forge Insurance Company, and National Fire Insurance Company of Hartford, as successor by merger to Transcontinental Insurance Company's Rule 12(e) Motion for More Definite Statement (Doc. No. 71) are **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 17th day of December, 2012.

_/s/ Keith P. Ellison_
THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE