IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE BURLINGTON INSURANCE COMPANY, <br> *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:12-CV-1759 |
| RANGER SPECIALIZED GLASS, INC., ADAM DEVELOPMENT PROPERTIES, L.P., AND LYDA SWINERTON BUILDERS, INC., <br> *Defendants*. | § § § § § § | |

| | | |
|---|---|---|
| RANGER SPECIALIZED GLASS, INC. <br> *Third-Party Plaintiff*, | § § § | |
| v. | § § | |
| LEXINGTON INSURANCE COMPANY, <br> *Third-Party Defendant*. | § § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff/Counter-Defendant The Burlington Insurance Company's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Lyda Swinerton Builders, Inc.'s declaratory claim set forth in its First Amended Counterclaim pursuant. After considering the motion, all responses thereto, and the applicable law, the Court finds that the Motion to Dismiss must be **GRANTED.**

### I.   BACKGROUND

Plaintiff The Burlington Insurance Company ("TBIC") is an insurance company incorporated in North Carolina. Defendant Ranger Specialized Glass, Inc. ("Ranger") is a

subcontractor. In 2004, Defendant Lyda Swinerton Builders, Inc. ("Swinerton"), a general contractor, contracted with Ranger to design, construct, and/or provide building materials in connection with the development of the real estate and construction of the First American Bank Project (the "Project"). (Doc. No. 17, *hereinafter* "First. Amended Counterclaim" ¶ 7.) In accordance with its general business practice, Swinerton required Ranger to provide certificates of insurance and have Swinerton named as an additional insured under Ranger's own commercial general liability insurance policies. (*Id.*) It is Swinerton's belief that Ranger named Swinerton as an insured. (*Id.* at ¶ 8.) Ranger was insured by TBIC, which issued to Ranger a commercial general liability policy numbered HGL 0013125, effective June 2006 to June 2007 (the "2006-07 policy"), and policy numbered HGL0016191, effective June 2007 to June 2008 (the "2007-08 policy"). (Doc. No. 1, *hereinafter* "Complaint" ¶ 12.) The owner of the property sued Swinerton for property damage that arose out of the work that Ranger performed. The defective conditions include, but are not limited to, the following deficiencies: exterior granite façade, the curtain walls systems, the punch window systems, the precast panel connections, the roof, the dormer, the rotunda, the joint sealant, the drywall, the fire protection systems, the HVAC systems, and the electrical systems. (First. Amend. Counterclaim ¶ 6.) Swinerton claims that TBIC is obligated to defend and indemnify Swinerton under the policies it issued Ranger. (*Id.* at ¶ 9.)

With a dispute regarding coverage between Swinerton and TBIC, TBIC filed a suit seeking declaratory relief raising three primary issues: (1) the cross-liability exclusion negated TBIC's duty to defend Swinerton or Ranger; (2) the professional services exclusion also negates TBIC's duty to defend Swinerton; and (3) the 2003-2004 insurance policy between Ranger and TBIC did not give Swinerton coverage for Ranger's work as the 2003-2004 policy had expired

prior to Swinerton's retention of Ranger. (Compl. ¶¶ 24-27.) Subsequently, Swinerton filed a counterclaim and then a First Amended Counterclaim against TBIC asserting claims for (1) breach of contract – failure to defend; (2) breach of the implied covenant of good faith and fair dealing – failure to defend; (3) breach of contract – failure to indemnify; (4) breach of the implied covenant of good faith and fair dealing – failure to indemnify; (5) reformation to the extent the additional insured endorsement is nullified by the cross-suit exclusion and the professional services exclusion; (6) declaratory relief regarding TBIC's duties and obligations under the policies in effect from 2006 through 2008; and (7) attorney's fees. (First Amend. Counterclaim ¶¶ 14-74.) TBIC now files this Motion to Dismiss Swinerton's sixth claim for declaratory relief.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations, but it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 556 U.S. at 678, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.   ANALYSIS

TBIC seeks to dismiss Swinerton's sixth counterclaim for declaratory relief because TBIC argues that the claim is duplicative of issues already before the Court.

In both the Complaint and Counterclaim, declaratory claims are brought under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Act states, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act "has been understood to confer on federal courts unique and

substantial discretion in deciding whether to declare the rights of litigants.... the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995). In other words, the Court has broad discretion in determining whether to entertain a declaratory judgment action under 28 U.S.C. § 2201. *Id.* (noting that the Declaratory Judgment Act is "an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant."). If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted. *See Pan-Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980) (affirming refusal to allow leave to add claims that were adequately raised in the original complaint). Courts in the Fifth Circuit have regularly rejected declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit. *See, e.g.*, *Xtria LLC v. Tracking Sys., Inc.*, No. 3:07-CV-0160, 2007 WL 1791252, at *3 (N.D. Tex. Jun. 21, 2007) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Assistmed, Inc. v. Conceptual Health Solutions, Inc.*, No. 3:05-CV-0880, 2006 WL 3691003, at *17 (N.D. Tex. Dec.14, 2006) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Kogul v. Xspediou Mgmt. Co.*, No. 3:04-CV-2518, 2005 WL 1421446, at * 4 (N.D. Tex. Jun.1, 2005) (dismissing declaratory actions that sought resolution of matters already to be resolved in the ongoing lawsuit because "[s]eparate declaratory judgment actions would be redundant.").

In the instant case, Swinerton argues that the declaratory relief it seeks differs from relief sought by TBIC because TBIC seeks a declaration regarding the 2003-2004 policy it issued to Ranger while Swinerton seeks relief regarding policies in effect from 2006-2007 and 2007-2008.

(First Amend. Counterclaim ¶ 16.) However, TBIC's Complaint is clear that it also seeks declarations under the 2006-2007 and 2007-2008 policies.[1] (Doc. No. 55 p. 3.) Therefore it appears that Swinerton's counterclaim for declaratory relief is a mirror image of the declaratory relief sought in the Complaint. Because the counterclaim for declaratory relief is duplicative of TBIC's claim, the Court must grant TBIC's motion to dismiss Swinerton's claim for declaratory relief.

IV.   **CONCLUSION**

For the reasons discussed above, TBIC's Motion to Dismiss Swinerton's sixth claim for declaratory relief set forth in its First Amended Counterclaim must be **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 12th day of December, 2012.

_____
THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] At Complaint ¶ 13, TBIC states the "provisions of the 2006-2007 and 2007-2008 Policies relevant to this declaratory action . . .." Therefore, the Court interprets this to mean that TBIC seeks declaratory relief regarding the 2006-2007 and 2007-2008 policies.