IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE BURLINGTON INSURANCE COMPANY, *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:12-CV-1759 |
| RANGER SPECIALIZED GLASS, INC., ADAM DEVELOPMENT PROPERTIES, L.P., AND LYDA SWINERTON BUILDERS, INC., *Defendants*. | § § § § § § | |

| | | |
|---|---|---|
| RANGER SPECIALIZED GLASS, INC. *Third-Party Plaintiff*, | § § § | |
| v. | § § | |
| LEXINGTON INSURANCE COMPANY, *Third-Party Defendant*. | § § § | |

MEMORANDUM AND ORDER

Pending before the Court are three Rule 12(b)(6) Motions to Dismiss Bad Faith Claims. They are filed by Third-Party Defendant The Travelers Lloyds' Insurance Company (Doc. No. 62); Third-Party Defendants Continental Casualty Company, Valley Force Insurance Company, and National Fire Insurance Company of Hartford, as successor by merger to Transcontinental Insurance Company (Doc. No. 70); and Third-Party Defendant Employers Mutual Casualty Company. (Doc. No. 87.) After considering the motions, all responses thereto, and the applicable law, the Court finds that the Motions to Dismiss must be **GRANTED.**

1

## I.   BACKGROUND

In 2004, Defendant/Counter-Plaintiff Lyda Swinerton Builders, Inc. ("Swinerton"), a general contractor, contracted with numerous subcontractors for the development of the real estate and construction of the First American Bank Project (the "Project") in College Station, Texas. (Doc. No. 29, *hereinafter* "Complaint", ¶ 16.) These subcontractors included A.D. Willis, Alamo Tile Co., Applied Finish Systems, Ltd., ASGI, LLC d/b/a Sharp Glass & Glass Solutions, Chamberlin Roofing and Waterproofing, Ltd., Har-Con Corporation, Hacko Precast, and Ranger Specialized Glass, Inc. (collectively "Subcontractors"). (*Id.*) In accordance with Swinerton's general business practice and pursuant to Section 8 of the subcontract agreement between Swinerton and Subcontractors, all Subcontractors were required to name Swinerton as an additional insured in their commercial general liability insurance. (*Id.* at ¶ 17.) Har-Con Corporation and Hacko Precast were named insured under Third-Party Defendant Travelers Lloyds' Insurance Company ("Travelers") (*Id.* at ¶ 12); Har-Con Corporation was also insured by Third-Party Defendant Valley Forge Insurance Company ("VFIC") (*Id.* at ¶ 15); and Chamberlin Roofing and Waterproofing, Ltd was insured by Third-Party Defendant Continental Casualty Company ("Continental") (*Id.* at ¶ 8), Third-Party Defendant National Fire Insurance Company of Hartford ("NFIC") (*Id.* at ¶ 14.), and Third-Party Defendant Employers Mutual Casualty Company ("EMC") (*Id.* at ¶ 9) (collectively, the "Carriers").

In 2008, the Project Owner, Adam Development Properties, sued Swinerton for construction defects arising out of the work of the Subcontractors ("Underlying Suit"). (*Id.* at ¶ 18.) Swinerton then sought defense and indemnity for the Underlying Suit from the Subcontractors' insurance carriers. (*Id.* at ¶ 19.) Swinerton claims that the Carriers should be obligated to pay the property damage with respect to any claims arising out of work performed

by the named insured Subcontractors. (*Id.* at ¶ 22.) When the Carriers did not defend and indemnify in the Underlying Suit, Swinerton filed the Third-Party Complaint alleging claims for breach of contract and breach of the duty of good faith and fair dealing. The claims are (1) breach of contract- failure to defend; (2) breach of the implied covenant of good faith and fair dealing-failure to defend; (3) breach of contract- failure to indemnify; (4) breach of the implied covenant of good faith and fair dealing- failure to indemnify; (5) declaratory relief. The Carriers then filed these three Rule 12(b)(6) Motions to Dismiss Swinerton's second and fourth causes of action for bad faith.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A pleading also need not contain detailed factual allegations, but it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 556 U.S. at 678, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.    ANALYSIS

The Carriers argue that the tort of "bad faith" does not apply to third-party claims, and therefore Swinerton's second and fourth causes of action, for breach of the implied covenant of good faith and fair dealing- failure to defendant and failure to indemnify, should be dismissed.

Under Texas law, a third-party claim occurs when coverage is sought for injury to a third party. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 fn. 2 (Tex. 1997). A first-party claim is one in which an insured seeks recovery for the insured's own loss. *Id.* Swinerton is asserting a third-party claim. Texas courts have recognized the bad-faith tort only in the first-party context. *Id.* No Texas court since *Giles* has extended the common law tort of bad faith to third party claims.

4

Swinerton does not argue that Texas does not recognize common law bad faith claims as applied to third-parties. Rather, Swinerton argues that its second and fourth causes of actions are properly pled claims for violations of the Prompt Payment of Claims Act and the Deceptive Trade Practices Act.

The Court finds that Swinerton has not alleged a Deceptive Trade Practice Act claim. Swinerton neither cites to the Act nor mentions the Act in its Third-Party Complaint. However, the Court agrees that Swinerton has alleged facts for a violation of Prompt Payment of Claims Act. The Carriers argue that the Act is inherently time sensitive and Swinerton mentions only the dates that the Underlying Suit was filed, that Swinerton brought its subcontractors into the Underlying Suit, and that Adam Development filed its First Amended Petition in the Underlying Suit. The Carriers claim these dates are not sufficient to allege violation of Chapter 542. The Court is unconvinced by this argument. The Prompt Payment of Claims Act states that an insurer is in violation when it fails to make the owed defense payments within sixty days. Tex. Ins. Code § 542.058. Swinerton's Third-Party Complaint pleads that Carriers were in breach of their duty to defend for more than sixty days. The Complaint states that the Underlying Suit was filed on February 12, 2008 (Compl. ¶ 18), and plaintiff "immediately and repeatedly tendered the defense" (*Id*. ¶ 25) to Carriers, yet Carriers continuously refused to defend and indemnify Swinerton, and "[t]o date the Carriers, and each of them, have failed and/or refused to respond to and/or accept said tenders of defense." (*Id.*) The Complaint was filed on August 6, 2012, more than four years after Swinerton was initially sued. Therefore Swinerton alleges that it tendered its defense to Carriers more than four years ago and the claim has still not been paid, in violation of the Prompt Payment of Claims Act.

Because Texas law does not recognize bad faith claims as applied to third-parties, the Court must dismiss Swinerton's second and fourth causes of actions for bad faith. However, Swinerton is granted leave to amend its complaint to include a Prompt Payment of Claims Act claim.

## IV.    CONCLUSION

For the reasons discussed above, the three Motions to Dismiss Bad Faith Claims (Doc. Nos. 62, 70, 87) are **GRANTED.** Swinerton is granted leave to amend its Third-Party Complaint to include a Prompt Payment of Claims Act by Monday, December 31, 2012.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 19th day of December, 2012.


THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE