UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYDA SWINERTON BUILDERS, INC., | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:12-CV-1759 |
| OKLAHOMA SURETY COMPANY, | § § § | |
| Defendant. | § § § | |

MEMORANDUM AND ORDER ENTERING FINDINGS OF FACT AND

CONCLUSIONS OF LAW

What began as a complex insurance case has been narrowed by the parties and the Court to one question: whether Defendant Oklahoma Surety Company ("OSC") violated Chapter 541 of the Texas Insurance Code when it refused to defend Plaintiff Lyda Swinerton Builders ("LSB") in a lawsuit filed in state court. That question was tried to the Court on July 6, 2015. Post-trial, the Court invited the parties to submit proposed findings of fact and conclusions of law. Having considered the testimony and evidence presented at trial, as well as all subsequent submissions, the Court concludes that Plaintiff has failed to meet its burden to prove an independent injury as required by the Fifth Circuit for recovery under Chapter 541. The Court grants Plaintiff 15 days to submit further evidence on the date of accrual for interest due under the Prompt Payment of Claims Act.

I.     PROCEDURAL BACKGROUND

This case began in June 2012, when The Burlington Insurance Company filed suit against

multiple defendants, seeking a declaration that it had no duty to defend or indemnify the parties in a state court lawsuit styled *Adam Development Properties, L.P. v. Lyda Swinerton Builders, Inc. and Swinerton Incorporated*, Cause No. 08-000320-cv-361, in the 361st Judicial District Court, Brazos County, Texas (the "underlying lawsuit"). Shortly thereafter, LSB filed a Third Party Complaint against multiple insurance companies, including OSC. Eventually, the parties settled all claims, except for LSB's claims against OSC for breach of the duty to defend, breach of the duty to indemnify, and violations of the Texas Insurance Code.

In March 2013, LSB filed a Motion for Partial Summary Judgment, asking the Court to determine that OSC breached its duty to defend LSB in the underlying lawsuit. The Court ruled in favor of LSB, finding that OSC owed LSB a duty to defend under the Second Amended Petition filed in the underlying lawsuit. (*See* Minute Entry June 12, 2014, adopting Report & Recommendation of Judge Hanks, Doc. No. 257.) Left undetermined, however, was the question of whether the duty to defend arose with respect to the Original Petition filed in the underlying lawsuit. That question was addressed in one of three Motions for Partial Summary Judgment filed by LSB, and one Motion for Partial Summary Judgment filed by OSC, between December 2014 and April 2015. (Doc. Nos. 336, 342, 369 & 398.)

The Court held a pretrial hearing on the Motions for Partial Summary Judgment on June 8, 2015, at which it ruled orally on the pending Motions. The Court determined that OSC owed a duty to defend under the Original Petition in the underlying lawsuit, and that OSC breached that duty and is liable to LSB for damages, including defense fees and costs and prejudgment interest. (*See* Doc. No. 448.) The Court partially granted LSB's Motion for Partial Summary Judgment on violations of the Texas Insurance Code, finding that OSC violated the Prompt Payment of Claims Act in breaching its duty to defend LSB. (*Id*.) The Court denied all other

Motions and requested supplemental briefing on the damages arising from OSC's breach of the duty to defend. (*Id.*)

At that pretrial hearing, the Court considered the parties' supplemental briefing and oral argument, and ruled that OSC owed LSB damages for the breach of the duty to defend amounting to $655,600.27. The parties then informed the Court that they had settled their claims on breach of the duty to indemnify. The sole remaining issue, tried before the Court on July 6, 2015, is whether OSC violated Chapter 541 of the Texas Insurance Code by also acting in bad faith when it refused to defend LSB in the underlying lawsuit.

## II. FINDINGS OF FACT

### A. The Parties and the Project

Lyda Swinerton Builders, Inc. ("LSB") is a general contractor in the State of Texas, who largely executes its work on a project through subcontractors. (Tr. at 32-33.)[1] Subcontractors provide the crafts people who undertake the discipline work of their particular trade. (*Id*. at 33-35.) LSB typically provides safety measures, makes sure the job is sequenced correctly, and manages the project to make sure that information is flowing among the relevant parties. (*Id*. at 35.) Swinerton, Inc. is the parent company of LSB, owning one hundred percent of the company. (Id. at 32-33.)

LSB contracted to build a 10-story office building in College Station/Bryan, Texas, to house a bank (the "Project"). (Tr. at 45-47; Plaintiff's Trial Exhibit 1.) LSB entered into a subcontract with A.D. Willis ("Willis") to perform roofing work on the Project. (Tr. at 36, 46; Plaintiff's Trial Exhibit 5.) The subcontract required that Willis maintain general liability and excess insurance totaling $5 million for each occurrence. (Tr. at 38-39; Plaintiff's Trial Exhibit 5 at 5.12.) The subcontract further required Willis to provide an additional insured endorsement

---

[1] Citations to "Tr." indicate citations to the Trial Transcript, Doc. No. 482.

providing for coverage to LSB for liabilities arising out of Willis's work for LSB under the subcontract. (Tr. at 45, 47; Plaintiff's Exhibit 5 at 5.14.) The subcontract also required Willis to defend and indemnify LSB for acts arising out of Willis's work. (Tr. at 44-45; Plaintiff's Trial Exhibit 5 at 5.6.)

### B. OSC's Policy

Oklahoma Surety Company ("OSC") issued its commercial general liability policy 06-GL-000619409 TX, to the Named Insured, Willis, for the policy period of February 1, 2006, to February 1, 2007 (the "OSC Policy"). (Defendant's Trial Exhibit 1 at 2.) The OSC Policy contained an Insuring Agreement, providing:

> We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

(Defendant's Trail Exhibit 1 at 81.) The OSC Policy contained an Addition Insured Endorsement ML 1357 (the "AI Endorsement") naming "Lyda Builders & its parent & affiliated companies" as an additional insured under the Policy. (*Id.* at 69, 132.)

### III. CONCLUSIONS OF LAW

### A. Texas Insurance Code Chapter 541

Section 541.060(a)(1) of the Texas Insurance Code provides that an insurer engages in an "unfair method of competition or an unfair or deceptive act or practice" by "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code § 541.060(a)(1). The Insurance Code defines a misrepresentation as (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements

4

made not misleading under the circumstances; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; or (5) failing to disclose a matter required by law to be disclosed. *Id*. § 541.061.

LSB claims that it is entitled to extra-contractual damages for OSC's alleged bad faith and violations of the Texas Insurance Code. The Fifth Circuit has determined that claims for extra-contractual damages require injury separate and apart from the denial of benefits owed under an insurance policy. *Great American Ins. Co. v. AFS/IBEX Financial Services, Inc.*, 612 F.3d 800, 808 n. 1 (5th Cir. 2010). *See also Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (a Texas insurance dispute case, noting that "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from wrongful denial of policy benefits"); *In re Oil Spill by the Oil Rig DEEPWATER HORIZON* in Gulf of Mexico, on April 20, 2010, No. 12-311, 2014 WL 5524268, at *14-17 (E.D. La. Oct. 31, 2014) (Barbier, J.) (holding that a claim under Chapter 541 of the Insurance Code requires an independent injury); *Admiral Ins. Co. v. Petron Energy, Inc.*, 1 F.Supp.3d 501, 504 (N.D. Tex. 2014) (Lynn, J.) (holding that fees incurred in a coverage action did not constitute an independent injury as required for claims brought under Chapter 541 of the Texas Insurance Code).[2]

At trial, LSB adduced no evidence that it suffered injury separate and apart from the denial of benefits it was owed under the OSC Policy. LSB has failed to meet its burden to show

---

[2] The Court notes Judge Barbier's thoughtful exposition of the independent injury rule in *In re Oil Spil* case and the difficulty courts in the Fifth Circuit currently face. *See In re Oil Spill*, 2014 WL 5524268 at *14-17. It appears that federal courts in the Fifth Circuit must require an independent injury for extra-contractual damage claims, following *Great American*, while state courts do not have such a requirement. This Court joins Judge Barbier in his concerns about the development of the independent injury rule in this Circuit, but similarly is compelled to hold that a claim under Chapter 541 requires an independent or separate injury.

independent injury. As a result, LSB is precluded from recovering extra-contractual damages on its claims for violations of Chapter 541 of the Texas Insurance Code.[3]

### B. Prompt Payment of Claims Act

The Prompt Payment of Claims Act ("PPCA") prohibits insurers from delaying the payment of first-party claims. *See* Tex. Ins. Code §§ 542.051-.061. Section 542.058 provides: "Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim . . . for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060." *Id*. at § 542.058. The Texas Supreme Court has held that an insured's right to a defense benefit is a first-party claim, and that the PPCA "may be applied when an insurer wrongfully refuses to promptly pay a defense benefit owed to the insured." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 20 (Tex. 2007). If an insurer violates the PPCA, it is liable to the insured for interest at a rate of 18 percent of the claim annually, calculated in addition to the amount of the claim. Tex. Ins. Code § 542.060.

The question of when the interest owed under the PPCA begins to accrue is a difficult one. In *Lamar Homes*, the Texas Supreme Court indicated that insureds may be required to submit their legal bills to their non-defending insurance companies, only to have the PPCA interest accrue once the insurer fails to pay within the statutory deadline. *See Lamar Homes*, 242 S.W.3d at 19 ("The [appellate] court then queried whether the insured would have to submit his legal bills to the insurance company, as received, to mature its right under the prompt-payment statute. The statute's apparent answer is, yes. . . . [W]hen the insurer, who owes a defense to its insured, fails to pay within the statutory deadline, the insured matures its right to reasonable

---

[3] Although the Court is sympathetic that the claims to be decided at trial were in flux until the eleventh hour, it appears that a bench trial likely would have been unnecessary had the parties more properly distilled the question to be decided – that is, as a question of law.

attorney's fees and the eighteen percent interest rate specified by the statute.") (citations omitted). *See also Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, No. 3:12-CV-2199-B, 2014 WL 4796967, at *24 (N.D. Tex. Sept. 26, 2014) (discussing *Lamar Homes* as holding "that the insured's right to reasonable attorneys' fees and eighteen percent statutory interest rate specified by the statute matures when, following receipt of this information, the insurer fails to pay within the statutory deadline"). Such a rule would seem both unfair and unwieldy.

In *Trammel Crow Residential Co. v. Virginia Sur. Co., Inc.*, 643 F.Supp.2d 844 (N.D. Tex. 2008), a district court in the Northern District of Texas considered and rejected the argument that *Lamar Homes* requires insureds to submit their legal bills to their insurance companies before interest will be owed under the PPCA. The court concluded that "*Lamar Homes* is best understood as holding that an insurer becomes liable under the statute when it wrongfully rejects its defense obligation, but that attorney's fees cannot be awarded, and prejudgment interest does not begin accruing, until the insured actually incurs the defense costs." *Trammel Crow Residential*, 643 F.Supp.2d at 859. This Court agrees with the interpretation of *Lamar Homes* found in *Trammel Crow Residential*, and concludes that Plaintiff is required to present evidence of the dates and amounts it paid for its defense costs.[4] Plaintiff failed to do so and, on the existing record, cannot recover the 18 percent statutory interest available under the PPCA. The Court recognizes that Plaintiffs may have relied on the Court's ruling awarding prejudgment interest for breach of the duty to defend beginning February 14, 2012, 180 days following Plaintiff's tender of the Original Petition. However, that ruling pertained to common

---

[4] As the court noted in *Trammel Crow Residential*, this conclusion comports with the Fifth Circuit's determination in *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546 (5th Cir. 2004) that "the prejudgment interest should be assessed against [the insurer] based on the dates Plaintiffs paid each bill for attorneys' fees rather than the date [the insurer] refused to defend Plaintiffs." *Id*. at 565.

7

law prejudgment interest sought by Plaintiff for its breach of contract claim.  (*See* Doc. No. 448.) The Court did not rule on the date of accrual for the 18 percent statutory interest owed under the PPCA.  The Court grants Plaintiff 15 days to submit further evidence on this issue.

### IV.     CONCLUSION

In view of the testimony heard, and the evidence received, during trial, the Court concludes that Plaintiff has not met its burden of proof on its claims for violation of Chapter 541 of the Texas Insurance Code and judgment on this issue is rendered in favor of the Defendant. The Court grants Plaintiff 15 days to submit further evidence on proper date of accrual for interest due on Defendant's violation of the Prompt Payment of Claims Act.  Plaintiff's Motion to Strike Defendant's Proposed Findings of Fact and Conclusions of Law (Doc. No. 486) shall be terminated as moot.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 30th day of July, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE